**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DISH NETWORK L.L.C., a Colorado
Limited Liability Company,
ECHOSTAR TECHNOLOGIES, L.L.C.,
A Texas Limited Liability Company, and
NAGRASTAR L.L.C., a Colorado Limited
Liability Company,

                Plaintiffs/Counterclaim Defendants,

vs.                                        Case No. 3:09-cv-532-J-32JRK

TAB WHITEHEAD d/b/a
www.fta4bus.com a/k/a www.fta4biz.com
and d/b/a www.fta4world.com and d/b/a
www.nag3iks.com,

                Defendant/Counterclaim Plaintiff.

_____

## ORDER

This case is before the Court on DISH Network, L.L.C., EchoStar Technologies,

L.L.C., and NagraStar L.L.C.'s ("Plaintiffs") Motion to Dismiss Defendant's Counter

Complaint (Doc. 47) and Tab Whitehead's ("Whitehead") Response (Doc. 55).  For the

reasons stated below, the Motion to Dismiss is GRANTED, and Whitehead's

Counterclaim is dismissed.

On June 11, 2009, Plaintiffs filed a four-count Complaint (Doc. 2), alleging, inter

alia, that Whitehead "modified, programmed, sold, distributed, and trafficked in hardware,

software and services that enabled his customers to circumvent and/or defeat DISH

Network's encrypted satellite signals and programming through the unauthorized viewing

of DISH Network's programming in a decrypted manner."  Id. at 2.  On June 19, 2009,

upon Plaintiffs' showing of a substantial likelihood that Whitehead was engaging in the sale and/or distribution of satellite piracy devices in violation of both state and federal law, this Court entered both a Temporary Restraining Order enjoining Whitehead from such activity (Doc. 14, "TRO") and a Writ of Seizure for the seizure of items associated with such activity from Whitehead's home (Doc. 15).  The TRO required Plaintiffs to post a $5,000 bond and provided that Whitehead "may file a motion with the Court at any time seeking relief from either this Order or the Writ of Seizure."  (Doc. 14 at 11).  In the absence of such a motion, the Court scheduled a hearing on June 29, 2009 to show cause why the TRO should not be converted to a preliminary injunction.  Id.

The Writ of Seizure was executed on June 25, 2009.  On June 26, 2009, Plaintiffs filed their Stipulation Regarding "Show Cause" Hearing and Bond (Doc. 17, "Stipulation"). The Stipulation, which was signed by Whitehead, indicated that the parties had agreed to convert the TRO to a preliminary injunction and that Whitehead, while making no admission of wrongdoing, had agreed to waive any claim to the bond.  As a result, the June 29 show cause hearing was cancelled by the Court.  (Doc. 19).

On July 15, 2009, Whitehead's Answer was filed as an attachment to Plaintiffs' Notice of Filing (Doc. 23; "Answer").  In the Answer, Plaintiff denies the substance of the allegations in the Complaint and offers various defenses.  On January 8, 2010, Whitehead, acting pro se,[1] filed a Counter Complaint (Doc. No. 43; the "Counterclaim")

_____

[1]    On December 15, 2009, Whitehead filed a Motion for Leave to Proceed In Forma Pauperis/Affidavit of Indigency (Doc. 39), which the Court construed as a Motion to Appoint Counsel.  Due to an insufficient showing by Whitehead, the Court denied the motion and declined to appoint counsel.  (Doc. 65).  The Court notes that at one stage of this litigation,

against Plaintiffs.  Whitehead seeks compensatory damages in the amount of $30

million, punitive damages in the amount of $1 million, consequential damages in the

amount of $1 million, and loss of consortium damages in the amount of $1 million, for a

total of $33 million in damages.[2]  Id. at 8-11.

While it is difficult to discern the precise claims Whitehead seeks to assert in the

Counterclaim, he makes three main contentions: (i) that Plaintiffs "manufactured" a case

against him and committed perjury such that the TRO, preliminary injunction, and Writ of

Seizure were issued based on misstatements of fact; (ii) that his business has been

ruined as a result of the TRO, injunction, and the Writ of Seizure; and (iii) that the Writ of

Seizure was executed in a manner that inflicted harm on his family.  Id. at 2, 6, 8-10.

Whitehead's contention that Plaintiff "manufactured" a case against him is refuted

by his own Counterclaim, in which he recites facts which appear to corroborate Plaintiffs'

allegations that Whitehead was engaged in the distribution of satellite piracy devices.  He

admits being involved with the sale of FTA receivers, admits his ownership interest in

and involvement with websites through which piracy software can be obtained, and

admits that he engaged in a series of communications and transactions with Plaintiffs'

private investigator, who has provided a sworn affidavit as to his interactions with

_____

Whitehead was represented by counsel, although no formal appearance was filed on his behalf.  (See Doc. 35 at 1).

[2]     On April 29, 2010, the Court ordered Whitehead to disclose evidence regarding the computation of these requested damages pursuant to Rule 26(a)(1)(A)(iii).  (Doc. 60 at 2). While Whitehead filed a timely response addressing the Court's other concern - his efforts to obtain counsel - he provided no support for the damages he seeks.  (See Doc. 61).

Whitehead (Doc. 8).  To the extent Whitehead argues that certain of the investigator's facts are incorrect or subject to a different interpretation, this would constitute a defense to the claims asserted *by* Plaintiffs, rather than any claim *against* Plaintiffs.

Whitehead's contention that the injunction damaged his business, Sat. Reception Technologies, L.L.C. ("Sat. Reception"), is equally without merit.  Plaintiffs contend that Whitehead  "modified, programmed, sold, distributed, and trafficked in hardware, software and services that enabled his customers to circumvent and/or defeat DISH Network's encrypted satellite signals and programming," through the use of certain websites.  (Doc. 2 at 13).  In the Counterclaim, Whitehead asserts that "[t]he sites and everything involved with any of Tab Whitehead's satellite business was in fact owned and operated by" Sat. Reception[3] (Doc. 43 at 8), but fails to allege that any part of that satellite business, including the operation of the sites, was legal or otherwise beyond the reach of the injunction.  In fact, Whitehead has given this Court no reason whatsoever to believe that the injunction was inappropriate.[4]  As such, the failure of Whitehead's business - legitimate or otherwise - is not grounds for a claim against Plaintiffs.

Whitehead's third contention needs more study.  The Court will dismiss the claim based on wrongful execution of the Writ of Seizure, but without prejudice.

---

[3]    Of course, Whitehead also concedes that he is the "manager and owner" of Sat. Reception. Id.

[4]    The Court notes that by signing the Stipulation, Whitehead professed to this Court that the injunction was appropriate.  Whitehead cannot now be heard to claim otherwise absent a showing of duress or other such extenuating circumstances, which circumstances are simply not present in this case.

Accordingly, it is hereby

**ORDERED**:

1.      Defendants/Counterclaim Plaintiffs' Motion to Dismiss Counter Complaint (Doc. 47) is **GRANTED**.  Because any amendment to the first two contentions of the Counter Complaint (Doc. 43) would be futile, those claims are **DISMISSED WITH PREJUDICE**.  The claim based on wrongful execution of the Writ of Seizure is **DISMISSED WITHOUT PREJUDICE.**

2.      The Court is troubled by Mr. Whitehead's allegations that the execution of the Writ of Seizure was handled poorly and that Mr. Whitehead's family was placed in fear.  No later than **August 31, 2010**, Plaintiffs will give the Court a complete report on the execution of the Writ of Seizure, including time and the specifics of the execution. The Court will then determine whether to allow Mr. Whitehead leave to amend his claim based on the execution of the Writ.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of August, 2010.

_____
TIMOTHY J. CORRIGAN
United States District Judge

jmm.

Copies:
counsel of record
pro se party